UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALAN CHARLES,

                Petitioner,

     -against-

MICHAEL CAPRA, SUPERINTENDENT,

                Respondent.

21-CV-1669 (LLS)

ORDER

---

LOUIS L. STANTON, United States District Judge:

      Petitioner, currently incarcerated in Sing Sing Correctional Facility, brings this *pro se* petition challenging his October 13, 2011 conviction in the New York Supreme Court, Sullivan County. Petitioner paid the filing fee to bring this action. The Court directs Petitioner to file a declaration within sixty days of the date of this order showing cause why this application should not be denied as time-barred.

## DISCUSSION

### I.    Applicable Statute of Limitations

      Petitioner's application may be time-barred. A prisoner seeking *habeas* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

      Petitioner alleges that on October 13, 2011, he was convicted in the New York Supreme Court, Sullivan County. Court records indicate that on January 15, 2015, the New York Supreme Court Appellate Division, Third Department, modified the sentence and affirmed the conviction,

*People v. Charles*, 124 A.D.3d 986 (3d Dep't Jan. 15, 2015), and the New York Court of Appeals denied leave to appeal on March 19, 2015, 25 N.Y.3d 950 (Mar. 19, 2015). Petitioner's conviction consequently became final on or about June 17, 2015, following "the expiration of [the] 90-day period of time to petition for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000). Petitioner placed this petition in the prison mail collection box on February 17, 2021, more than five years and eight months after the judgment of conviction became final.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), when postconviction motions are filed before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

Here, Petitioner alleges that he filed two postconviction motions in the New York state courts. On December 18, 2015, Petitioner filed a petition for a writ of *error coram nobis* in the Appellate Division, Third Department. On September 12, 2017, the Appellate Division denied the petition. Petitioner also alleges that he filed a motion under New York Criminal Procedure Law § 440.10 in the County Court for the County of Sullivan, but he does not provide the date on which he filed the motion or the date that it was denied. Because Petitioner does not provide the dates during which his § 440.10 motion was pending, this Court is unable to determine

whether Petitioner's postconviction proceedings in the New York State Court toll the limitations period.[1] *See* 28 U.S.C. § 2244(d)(2).

## II. Leave to File Declaration

The Court therefore directs Petitioner to file a declaration within sixty days of the date of this order stating why this application should not be dismissed as time-barred. Petitioner should include in the declaration a listing of (1) the dates that all postconviction applications in state court challenging this conviction were filed, including any petition for a writ of error *coram nobis*, all motions under N.Y. Crim. P. L. § 440, and any other postconviction applications, (2) when any postconviction applications were decided, (3) the dates that any appeals or applications for leave to appeal from those decisions were filed, (4) when those appeals or applications were decided, and (5) when Petitioner received notice of any state court decisions on those applications and appeals. *See* 28 U.S.C. § 2244(d)(2).

If Petitioner believes that his petition is untimely, he should allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

---

[1] Petitioner also writes, in the section of the petition form regarding timeliness, "I tried to have the Southern District Court to postpone my petition for writ of habeas corpus in January 22, 2018, in order to exhaust some constitutional issues that were not brought up in state courts. But that came to no avail." (ECF 1, at 27.) Petitioner provides no additional information about this January 22, 2018 submission. In any event, district courts lack jurisdiction to grant an extension or to stay a petition until the petition has been filed. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001); *see, e.g.*, *Alvarez v. Doe*, No. 19-CV-9003, 2019 WL 5205595, at *3 (S.D.N.Y. Oct. 11, 2019) ("Because Petitioner has not yet filed any petition[] under 28 U.S.C. § 2254, the Court lacks jurisdiction to grant his request."). And there is no indication that Petitioner submitted a § 2254 petition in January 2018.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. Petitioner is directed to file a declaration within sixty days of the date of this order showing why the petition should not be dismissed as time-barred. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court shall review it, and if proper, shall order the Respondent to answer. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied as time-barred. No answer shall be required at this time.

SO ORDERED.

Dated: March 9, 2021
New York, New York

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

_____
(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ (_____) (_____)

**AFFIRMATION FOR TIMELINESS**

I, _____, make the following Affirmation under the
(List the full name of the plaintiff/movant/petitioner.)

penalties of perjury:

I am the Plaintiff/Movant/Petitioner in this action and I respectfully submit this Affirmation in response to the Court's order dated _____. This action should not be time-barred by the statute of limitations because_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

For the foregoing reasons, I respectfully request that this action be permitted to proceed.

_____   _____
Date                              Signature

_____   _____
Name (Last, First, MI)            Prison Identification # (if incarcerated)

_____   _____
Address            City                    State      Zip Code

_____   _____
Telephone Number                  E-mail Address (if available)

Rev. 2/17/16