UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ALAN CHARLES,                                    :
                              Petitioner,        :        **<u>ORDER ADOPTING REPORT</u>**
v.                                               :        **<u>AND RECCOMENDATION</u>**
                                                 :
MICHAEL CAPRA, Superintendent,                   :        21 CV 1669 (VB)
                              Respondent.         :
--------------------------------------------------------------x

Before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation,

dated February 7, 2022 (R&R), on respondent's motion to dismiss as time-barred Alan Charles's

<u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The parties' familiarity with the factual and procedural background of this case is

presumed.

In the R&R, the magistrate judge concluded petitioner's habeas petition was untimely

because the statute of limitations under 28 U.S.C. § 2244(d)(1) expired on January 29, 2018, and

petitioner did not file his habeas petition until more than three years later on February 18, 2021.

Judge Davison found that petitioner demonstrated neither sufficiently "extraordinary"

circumstances nor "reasonable diligence" to warrant equitable tolling of the limitations period.

(<u>See</u> R&R at 8–11.)  Accordingly, Judge Davison recommended that respondent's motion to

dismiss be granted.

Petitioner filed timely objections to the R&R.  (Doc. #36 ("Ptr. Objections")).

For the following reasons, the Court OVERRULES the objections and adopts the R&R as

the opinion of the Court.

Accordingly, respondent's motion is GRANTED.

**DISCUSSION**

I.      Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail, see Fed. R. Civ. P. 6(d).

Insofar as a report and recommendation addresses a dispositive motion, a district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).[1] The clearly erroneous standard also applies when a party makes only conclusory or general objections or only reiterates his original arguments. Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Objections by pro se parties are generally accorded leniency, Stokes v. Miller, 216 F. Supp. 2d 169, 171 (S.D.N.Y. 2000), and should be construed "to raise the strongest arguments that they suggest." Dunn v. Sears, 561 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). "Nonetheless,

---

[1]      Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

even a <u>pro se</u> party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." <u>Pinkney v. Progressive Home Health Servs.</u>, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).[2]

Petitioner's objections largely reiterate his original arguments.  Nevertheless, in consideration of petitioner's <u>pro se</u> status, the Court has carefully reviewed the R&R and the underlying record <u>de novo</u> as to any specific objection made.

II.   <u>Objections</u>

Liberally construed, petitioner argues the time to file his habeas petition should be equitably tolled because he did not receive a substantive response to his January 22, 2018, letter purportedly delivered to the U.S. District Court for the Southern District of New York requesting a stay-and-abeyance.  The January 22 letter requested the Court "to put on hold my habeas corpus by tolled" because he needed to exhaust state court remedies.  (Doc. #3 at ECF 3).[3]  The Court adopts Judge Davison's liberal construction of petitioner's letter as a request "to stay [his] petition to allow [him] to present his unexhausted claims to the state court in the first instance." <u>See</u> <u>Rhines v. Weber</u>, 544 U.S. 269, 271–72 (2005).  The parties do not dispute that such a stay, if granted, would toll petitioner's applicable statute of limitations period.  Petitioner also argues that his law library access was limited by the COVID-19 pandemic, and he could not access his correctional facility's law library computers or typewriters during 2017 and January 2018.

---

[2]      Petitioner will be provided with copies of all unpublished opinions cited in this ruling.  <u>See</u> <u>Lebron v. Sanders</u>, 557 F.3d 76, 79 (2d Cir. 2009).

[3]       "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

A.   <u>Legal Standard</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for a writ of habeas corpus must be filed within one year of the latest of four triggering events enumerated in the statute.  28 U.S.C. § 2244(d)(1).

The one-year limitations period is subject to equitable tolling, which may be applied when a petitioner has shown "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."  <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010).

The "diligence" necessary to invoke equitable tolling must be evident "throughout the period [the petitioner] seeks to toll."  <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2d Cir. 2000). Moreover, the petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of the filing." <u>Valverde v. Stinson</u>, 224 F.3d 129, 134 (2d Cir. 2000).

B.   <u>Analysis</u>

Here, the parties do not dispute that, absent equitable tolling, the AEDPA statute of limitations expired on January 29, 2018.

However, for the reasons discussed in the R&R and below, petitioner fails to show how any of the circumstances he identifies qualifies as "extraordinary."  (R&R at 8–11.)  Nor does he adequately explain how any of these circumstances "prevented" him from timely filing.  <u>See</u> <u>Myrick v. Bradt</u>, 2009 WL 210868, at *2 (E.D.N.Y. Jan. 28, 2009) (seven-month special housing unit confinement, <u>pro se</u> status, lack of access to legal documents, and unawareness of procedural requirements did not warrant equitable tolling).

4

Moreover, even assuming petitioner's proffered circumstances were sufficiently "extraordinary," he fails to show he acted with reasonable diligence at any point during the more than three-year period for which he seeks equitable tolling.  That is, petitioner identifies no evidence to contradict Judge Davison's observation that "[p]etitioner apparently took no action in state or-federal court between January 2018 (when he asked this court to put his case 'on hold') and February 2021 (when he filed the instant petition)."  (R&R at 11).  Accordingly, petitioner is not entitled to equitable tolling.

To burnish the appearance of diligence, petitioner offers—for the first time—a copy of a letter to respondent dated January 14, 2018, in which he complained about "the Law Library computers being down" as well as out-of-order typewriters, thereby "making it impossible to file a petition on time."  (Ptr. Objections at ECF 5).

However, even assuming petitioner lacked access to a computer or a typewriter for some period of time leading up to his January 14, 2018, letter, he offers no evidence indicating the law library remained inaccessible for the three years subsequent to the letter and prior to petitioner filing his habeas petition on February 18, 2021.  Nor does petitioner contend that he did not have access to adequate alternatives to computers or typewriters through which he could have at least attempted to exhaust any state court remedies.  See Samo v. Keyser, 305 F. Supp. 3d 551, 561 (S.D.N.Y. 2018) ("The diligence requirement at least requires that a prisoner act reasonably in accessing those resources that are available to him."), report and recommendation adopted, 2018 WL 4565143 (S.D.N.Y. Sept. 21, 2018).[4]

---

[4]     To the extent petitioner argues he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B) because the lack of library access deprived him of his constitutional right of access to the courts, that argument fails for the same reasons.  See, e.g., Caldarola v. Capra, 2013 WL 5328197, at *15 (S.D.N.Y. Sept. 6, 2013) (statutory tolling under 28 U.S.C. § 2244(d)(1)(B)

Similarly, petitioner's apparent diligence in delivering the January 22, 2018, stay-and-abeyance letter does not excuse the <u>lack</u> of diligence evident over the subsequent three years.  As Judge Davison noted, even if stamping and returning petitioner's letter deviated from the "normal practice of the Office of Pro Se Litigation upon receipt of such a request" (R&R at 10 n.7), petitioner offers no evidence that he <u>maintained</u> his diligence by, for example, following up regarding the lack of a response, or actually preparing materials to exhaust the state court remedies for which he sought the stay in the first place.  <u>See</u> <u>Samo v. Keyser</u>, 305 F. Supp. 3d at 561 (no equitable tolling when petitioner did not follow up on a request to his attorney regarding his appeal for two years).  In short, when, as here, a petitioner fails to demonstrate any effort to vindicate his rights during the time he seeks to toll, the equities cannot weigh in his favor.[5]

Accordingly, plaintiff's objections must be overruled.

## CONCLUSION

Having carefully reviewed the R&R, petitioner's objections, and the underlying record, the Court finds no error, clear or otherwise.  Therefore, petitioner's objections are OVERRULED and the R&R is adopted in its entirety as the opinion of the Court.

The motion to dismiss is GRANTED.

---

not warranted because of "petitioner's apparent ability to visit the library on at least some occasions").

[5]     Petitioner cites to a decision of the New York Court of Appeals, <u>Bottom v. Goord</u>, 96 N.Y.2d 870 (2001), but that decision is not relevant; it concerns New York state law regarding the calculation of jail time credit.

Petitioner also refers to an unspecified case in which the Honorable Nelson S. Roman, U.S. District Judge, purportedly "ruled in the petition[er's] favor" based on the lack of access to the law library during the pandemic.  (Ptr. Objections at ECF 2).  Plaintiff does not explain what type of case that was, and the Court has not uncovered such a case.  But even if it existed, a decision by another district judge would not bind this Court.  Moreover, as Judge Davison noted, "restrictions relating to a pandemic which commenced in 2020 cannot justify Petitioner's failure to comply with a limitations deadline which expired in 2018."  (R&R at 9).

The petition for a writ of habeas corpus is DISMISSED.

The Clerk is directed to enter Judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to petitioner at the address on the docket.

Dated:  August 22, 2022
        White Plains, NY

                              SO ORDERED:

                              Vincent L. Briccetti
                              United States District Judge

7