```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ALAN CHARLES,                                                 :
                        Petitioner,                           :
v.                                                            :     ORDER
                                                              :
                                                              :     21 CV 1669 (VB)
MICHAEL CAPRA, Superintendent,                                :
                        Respondent.                           :
--------------------------------------------------------------x
```

Before the Court is petitioner's motion pursuant to Fed. R. Civ. 60(b)(6) for relief from a final judgment, order, or proceeding. (Doc. #45). For the reasons set forth below, the motion is DENIED.

In a Report and Recommendation ("R&R") dated February 7, 2022 (Doc. #28), Magistrate Judge Paul E. Davison recommended that the Court grant respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as untimely filed. By Order dated August 22, 2022 (Doc. #38), the Court adopted the R&R in its entirety, granted the motion to dismiss, and dismissed the petition. The Court also denied a certificate of appealability. Petitioner filed a notice of appeal, and on March 23, 2023, the Second Circuit denied petitioner's request for a certificate of appealability and dismissed the appeal. (Doc. #42).

Rule 60(b) enumerates six bases upon which a court may relieve a party from a final judgment, order, or proceeding, including for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, Rule 60(b)(6)'s catch-all provision only applies when "extraordinary circumstances . . . justify reopening." Kemp v. United States, 142 S. Ct. 1856, 1861 (2022). Moreover, the "decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012).

Here, petitioner fails to demonstrate extraordinary circumstances warranting relief from the Court's order dismissing his petition as time-barred. For the most part, the instant motion

1

reiterates arguments that have been made before and rejected.  Specifically, petitioner again contends that his time to file a habeas petition should have been equitably tolled between January 2018, when he asked this Court to put his case "on hold," and February 2021, when he filed the instant petition, based on the fact that a letter dated January 22, 2018, which he sent to the Court requesting such relief, was stamped as "received" and a copy returned to him.  That argument was rejected because, among other things, petitioner "has advanced no plausible reason why the lack of any substantive response to his letter[] led him to believe that he had been granted an open-ended extension of time to file his petition." (R&R at 10-11).  That being the case, petitioner did not, and still has not, shown that "some extraordinary circumstance stood in his way and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010).

Petitioner has now submitted what appears to be a handwritten log entry at the facility at which he was incarcerated showing that he received a copy of the stamped-as-received letter back from the district court. (Doc. #45 at ECF 7).[1]  But the magistrate judge took petitioner "at his word" that he sent the January 22 letter to the Court and received a stamped-as-received copy back. (R&R at 10).  Thus, the log entry changes nothing.

Moreover, "a petitioner seeking equitable tolling of AEDPA's limitations period must demonstrate that he acted with reasonable diligence throughout the period he seeks to toll." Harper v. Ercole, 648 F.3d 132, 138 (2d Cir. 2011).  The magistrate judge found that petitioner had not pursued his rights with reasonable diligence during the more than three-year period for which he seeks equitable tolling (R&R at 11), a finding this Court adopted, and there is no reason to disturb that finding now.

---

[1] "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

The only new argument petitioner raises is that then-Governor Cuomo issued an executive order in March 2020 temporarily tolling, during the COVID-19 health crisis, the time limits prescribed by the laws of New York State for commencement of an action.  (Doc. #45 at ECF 8-9, 11).  But, of course, any such executive order applied only to statutes of limitation under New York law, whereas the relevant statute of limitation here is established by federal law, specifically AEDPA.  See 28 U.S.C. § 2244(d)(1).  Moreover, the Governor's executive order was issued in March 2020, nearly two years after the AEDPA statute of limitations had already expired.  So, even if it applied to AEDPA—which it did not—there was no limitations period left to toll.

Accordingly, petitioner's Rule 60(b)(6) motion must be denied.

## CONCLUSION

The motion for relief pursuant to Fed. R. Civ. 60(b)(6) is DENIED.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to petitioner at the address on the docket.

Dated: August 7, 2023           SO ORDERED:
       White Plains, NY

                                _____
                                Vincent L. Briccetti
                                United States District Judge

3